UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61811-CIV-SINGHAL

SOUTH FLORIDA MUSLIM FEDERATION, INC.,

    Plaintiff,

vs.

ATRIUM TRS I, LP d/b/a FORT LAUDERDALE
MARRIOTT CORAL SPRINGS HOTEL & CONVENTION
CENTER, *et al.*,

    Defendants.
_____/

## **ORDER**

Plaintiff's original Complaint was dismissed. (DE [85]). Plaintiff asked for, and received, leave to file an Amended Complaint. (DE [107]). Defendants move to dismiss the Amended Complaint. For the reasons discussed below, the Court finds that Plaintiff has again failed to allege facts that would support standing for injunctive relief under 42 U.S.C. § 2000a or racial discrimination under 42 U.S.C. § 1981. And because the federal claims must be dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims.

I.    **INTRODUCTION**

Plaintiff, South Florida Muslim Federation, Inc. ("SFMF") describes itself as "an umbrella organization representing over thirty South Florida entities serving religious and secular Muslims, including Islamic centers, schools, and other similar community organizations, and over 200,000 Muslims in South Florida." *Id.* ¶ 1. It operates "a resource-sharing hub" that connects the South Florida Muslim community with "both religious and secular businesses, goods and services." *Id.* ¶ 29. SFMF sponsors an annual conference for the South Florida Muslim community and presents matters of

religious, social, and political interest as well as a bazaar of community owned businesses. *Id.* ¶ 30-31. "The vast majority of SFMF's membership identify as and are perceived as being of Middle Eastern, North African, and South Asian ('MENASA') ethnic descent and having a shared ancestry associated with majority-Islamic countries in Africa and Asia." *Id.* ¶ 26. "The overwhelming majority of SFMF's executive leadership, including its President… are of MENASA ethnic descent." *Id.* ¶ 27.

SFMF was scheduled to hold its second annual conference at the Coral Springs Hotel & Convention Center (the "Hotel") on January 12, 2024. *Id.* ¶ 2. It had signed a Group Sales Agreement (the "Contract') with Atrium TRS I, LP ("Atrium"), the franchisee and operator of the Hotel.  The Hotel cancelled the contract at the last minute, citing "significant undesirable interest." *Id.*¶ 3.

The undesirable interest arose from a "public pressure campaign" allegedly conducted by Defendants Middle East Forum ("MEF"), Joe Kaufman ("Kaufman"), Joe Kaufman Security Initiative, Inc. ("JKSI") (collectively, the "Kaufman Defendants"), Parkland Chamber of Commerce, Inc. ("Chamber"), Doug Eaton ("Eaton"), and Rich Walker ("Walker) (collectively "Defendants"). The public pressure campaign began "soon after" October 7, 2023, which the Court notes is the date of the attacks in southern Israel by Hamas and other militant groups.

SFMF accuses Defendants of meeting with the Hotel's general manager, publishing negative articles, promoting an email campaign to the public, and threatening boycotts of the Hotel if the conference were to take place as scheduled. *Id.* ¶¶ 47-70.  A week before the conference was scheduled to start, the Hotel cancelled the conference citing "significant undesirable interest." *Id.* ¶¶ 71, 74. After the Hotel cancelled the

2

conference, the non-Hotel Defendants variously claimed credit for causing the cancellation. *Id.* ¶¶ 72, 79-86.

SFMF sues alleging unlawful discrimination in a place of public accommodation in violation of 42 U.S.C. § 2000a (Count I) by the Hotel; unlawful discrimination in a place of public accommodation in violation of 42 U.S.C. § 2000a-2 (Count II) by Defendants Walker, Eaton, Parkland Chamber of Commerce, and the three Kaufman Defendants; unlawful discrimination in violation of 42 U.S.C. § 1981 (Count III) by all Defendants; breach of contract (Count IV) by the Hotel Defendants; and tortious interference with a business relationship (Count V) by Defendants Walker, Eaton, Chamber of Commerce, and the Kaufman Defendants.

Defendants have filed four separate motions to dismiss: the Chamber of Commerce and Eaton's Motion (DE [112]); the Kaufman Defendants' Motion (DE [113]); Walker's Motion (DE [116]); and the Hotel Defendants' Motion (DE [117]). Defendants move to dismiss for lack of standing and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The Kaufman Defendants also claim a First Amendment privilege and protection under the Florida Anti-SLAPP statute, Fla. Stat. § 768.295.

## II.  LEGAL STANDARDS

### A.  Failure to State a Claim

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient

"to state a claim for relief that is plausible on its face." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must review the complaint in the light most favorable to the plaintiff, and must generally accept the plaintiff's well-pleaded facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

B. <u>Standing</u>

Federal courts are courts of limited jurisdiction and may only hear "actual cases and controversies." *Baughcum v. Jackson,* 92 F.4th 1024, 1030 (11th Cir. 2024) (quoting *Spokeo, Inc. v. Robins,* 578 U.S. 330, 337 (2016)); U.S. Const. art. III. "Because the question of Article III standing implicates subject matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims." *Gesten v. Burger King Corp.*, 2017 WL 4326101, at *1 (S.D. Fla. Sept. 27, 2017) (citing *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015)). "Typically, where standing is lacking, a court must dismiss the plaintiff's claim without prejudice." *McGee v. Sol. Gen. of Richmond Cty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013).

One element of the justiciability inquiry is standing. *Id.* "Article III standing requires that 1) the plaintiff has experienced an injury that is concrete and particularized and actual or imminent, 2) the defendant's conduct is the cause of the plaintiff's injury, and 3) a decision by the court would likely redress the plaintiff's injury." *Green-Cooper v. Brinker Int'l, Inc.,* 73 F.4th 883, 889 (11th Cir. 2023*), cert. denied sub nom. Brinker Int'l, Inc. v. Steinmetz,* 144 S. Ct. 1457 (2024) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). When seeking injunctive relief the plaintiff must allege (and ultimately prove) "a real and immediate – as opposed to merely conjectural or hypothetical – threat of future injury." *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.,* 797 F.3d 1248, 1271 (11th Cir. 2015) (quotations omitted). Past exposure to illegal conduct "does not in itself show a present case or controversy regarding injunctive relief." *Id.* (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (2015)). The complaint must allege that the past conduct is accompanied by conduct that continues to violate the plaintiff's rights. *Id.* Standing does not depend on the merits of the plaintiff's claim. *Polelle v. Fla. Sec'y of State,* 131 F.4th 1201, 1211 (11th Cir. 2025).

The party seeking to invoke federal jurisdiction bears the burden of demonstrating that the plaintiff has standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021). "And standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *Id.*

   III.   DISCUSSION

      A.   42 U.S.C. § 2000a

SFMF's Amended Complaint, like the original Complaint, seeks injunctive relief against the Coral Springs Marriott for violations of 42 U.S.C. § 2000a, which prohibits

5

discrimination or segregation in places of public accommodation. SFMF also seeks injunctive relief against Walker, Eaton, the Chamber of Commerce, and the Kaufman Defendants under 42 U.S.C. § 2000a-2, which prohibits interference with any right or privilege secured by section 2000a.[1]

Defendants move to dismiss, arguing that the Amended Complaint fails to set forth any facts that would plausibly show a real and immediate threat of future injury. This Court previously noted that past exposure to illegal conduct "does not in itself show a present case or controversy regarding injunctive relief." Order (DE [85]) (quoting *Duty Free Americas, Inc.,* 797 F.3d at 1271). The Amended Complaint cites other instances of cancellations in other cities in November and December 2023, *see* Amended Complaint (DE [107] ¶¶ 43-46), but these instances do not plausibly show a threat of real and immediate *future* injury. Indeed, the Amended Complaint states that SFMF held its third annual conference in 2025, although the location did not have hotel rooms and SFMF did not publicize the location of the conference until a few days before. *Id.* ¶ 91.

The Amended Complaint fails to allege any facts that plausibly present a real and immediate threat of future injury by Defendant Coral Springs Marriott. (Count I). SFMF plans to not make advance disclosure of the location of its future events, but there are no facts alleged that would tie that decision to any policy or future conduct by the Coral Springs Marriott. SFMF, therefore, fails to allege a plausible threat of future injury that would support standing to pursue its claim against the Coral Springs Marriott.

Count II of the Amended Complaint seeks injunctive relief against the Kaufman Defendants, Walker, Eaton, and the Chamber of Commerce. SFMF alleges that

---

[1] The statute does not authorize a cause of action for damages. 42 U.S.C. § 2000a-3; *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 402 (1968); *Johnson v. Curry,* 2023 WL 3854985, at *19 (M.D. Fla. Apr. 4, 2023).

Defendant Eaton was quoted in January 2024 as stating that "if the Marriott Coral Springs reschedules with SFMF, the Chamber of Commerce would cease doing business with the hotel." (DE [107] ¶ 86). SFMF also alleges that when it was able to find another venue to host its 2024 convention, Kaufman "published another article again attempting to incite public outrage and force the conference's cancellation." *Id.* ¶ 87. In that article, Kaufman stated that the new venue "has agreed to allow the group to use their premises to further the spread of hatred and incitement."[2] As a result, SFMF does not publicize the location of its conferences on its website or notify attendees of the event until days before it is to take place. *Id.* 90-91. SFMF argues that these facts show an imminent threat of future harm to establish standing. The Court disagrees.

First, there are no facts alleged beyond conjecture that the Chamber of Commerce, Eaton, and the Kaufman Defendants are likely to engage in similar future conduct[3] or that they would successfully impede SFMF from booking venues in the future. Second, there is no form of injunction which could remedy the situation. Eaton and the Chamber of Commerce threatened not to do business with the Coral Springs Marriott if SFMF's event were rescheduled; whatever their motivation, the Court cannot enter an enforceable injunction requiring them to patronize that venue. Likewise, the Court cannot enter an injunction restraining Kaufman's future speech, however reprehensible or offensive it may end up being. Nor can the Court order the Defendants (or any party in any case) to adopt a charitable view of their neighbors. There is no showing in the Amended Complaint that

---

[2] *See* https://www.frontpagemag.com/south-florida-muslim-federation-finds-new-venue-for-its-pro-hamas-conference/ (accessed 12/3/2025). The Court notes that SFMF and Kaufman each accuse the other of incitement. Sadly, such is currently the state of discourse in these United States. And, to paraphrase Samuel Johnson, the First Amendment is the last refuge of the scoundrel.

[3] The Court does not address the merits of SFMF's allegations that these Defendants exhibited racial, ethnic, or religious animus. At this stage the Court addresses only the standing issues raised by Defendants.

7

a court-ordered injunction would redress SFMF's injury. *Green-Cooper v. Brinker Int'l, Inc.,* 73 F.4th at 889.

These are issues that weigh heavily in a pluralistic society such as ours. Conflicts are bound to occur. Sometimes the conflicts are actionable.[4] But sometimes, such as in this case, the conflict does not support standing for injunctive relief under 42 U.S.C. § 2000a.[5] SFMF's Amended Complaint fails to establish standing to pursue injunctive relief.

### B. 42 U.S.C. § 1981

Defendants again move to dismiss Count III, which asserts unlawful discrimination in violation of 42 U.S.C. § 1981. The Court dismissed the original § 1981 claim because the Complaint failed to allege discrimination based on race. Defendants argue that the Amended Complaint again fails to allege discrimination based on race. The Court agrees.

Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The Supreme Court has concluded that "Congress intended [with § 1981] to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. Such discrimination is racial discrimination that Congress intended in § 1981 to forbid, whether

---

[4] For example, if the Chamber of Commerce denied membership to an otherwise qualified organization or individual due to race, religion, or other protected characteristic, the Court could fashion equitable relief.
[5] And of course, such conflicts may occur because of clashing values and power imbalances. When the power imbalance switches to the opposite side as it always does over time, Defendants here will likewise have no standing to seek relief as the Plaintiffs of the future.

or not it would be classified as racial in terms of modern scientific theory." *Saint Francis College v. Al-Khazraji,* 481 U.S. 604, 613 (1987). But § 1981 does not encompass discrimination based on religion. *Id.*

SFMF describes itself as "a nonprofit organization organized in 2018 representing approximately 200,000 Muslims in South Florida, as well as over 40 mosques and community organizations serving the Muslim community, including non-profits and charities, youth groups, and schools." (DE [107] ¶ 25). It "operates a resource-sharing hub that connects, empowers, and serves the South Florida Muslim community across Palm Beach, Broward, and Miami-Dade counties by connecting members with both religious and secular businesses, goods, and services related to the South Florida Muslim community." *Id.* ¶ 29. The planned conference would have provided "seminars and social events on various religious and secular topics, including geopolitics or marriage, a variety of entertainment, youth programming, and a bazaar of Muslim and/or MENASA-owned businesses." *Id.* ¶ 31. The majority of its membership and leadership are of MENASA descent. *Id.* ¶¶ 26-27.  SFMF argues that the racial and ethnic backgrounds of its membership are sufficient to bring a claim under § 1981.

SFMF identifies itself as a Muslim-community group. *Id.* ¶¶ 25-30. To accept SFMF's premise that prejudice against a Muslim community group is akin to racial and ethnic discrimination, the Court would need to equate MENASA ethnicity with the Muslim religion. The two are not the same. Indeed, Pope Leo XIV's recent trip to Turkiye and Lebanon highlighted the Christian presence that remains in those lands.[6] Clearly, the Jewish religion is practiced in the Middle East, as are other religions and no religion. Similarly, not all Muslims are persons of color or MENASA descent. SFMF's Amended

---

[6] Pope Leo XIV's visit to Turkiye and Lebanon is chronicled at https://www.vatican.va/content/leo-xiv/en/travels/2025/documents/turchia-libano-2025.html.

Complaint does not allege racial discrimination under § 1981. Count III must be dismissed.

With the federal claims being dismissed, the Court again declines to exercise supplemental jurisdiction over the state law claims for breach of contract and tortious interference with a business relationship (Counts IV and V). 28 U.S.C. § 1367(c)(3); *Silas v. Sheriff of Broward Cnty, Fla.,* 55 F.4th 863, 866 (11th Cir. 2022) (citations omitted). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants Doug Eaton and Parkland Chamber of Commerce Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (DE [112]) is **GRANTED**;

2. Middle East Forum, Joe Kaufman Security Initiative, Inc. and Joe Kaufman's Motion to Dismiss Plaintiff's First Amended Complaint (DE [113]) is **GRANTED**;

3. Defendant Mayor Richard Walker's Motion to Dismiss the First Amended Complaint (DE [116]) is **GRANTED**; and

4. Defendants Atrium TRS I, LP and Atrium Hospitality LP's Motion to Dismiss First Amended Complaint (DE [117]) is **GRANTED.**

5. Counts I, II, IV, and V of the First Amended Complaint are **DISMISSED WITHOUT PREJUDICE.**

6. Count III of the Amended Complaint is **DISMISSED WITH PREJUDICE.**

7. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 26th day of January 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE


Copies furnished counsel via CM/ECF